IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JON C. MCCOY, INDIVIDUALLY AND
ON BEHALF OF UNITED
CONSTRUCTION COMPANY, INC.                                                          PLAINTIFF

V.                                                                    CAUSE NO. 3:13-CV-593-CWR-FKB

ED MORGAN, IN HIS OFFICIAL                                                           DEFENDANT
CAPACITY AS THE COMMISSIONER
OF REVENUE OF THE MISSISSIPPI
DEPARTMENT OF REVENUE

## ORDER

Before the Court is the defendant's motion to dismiss. After considering the allegations, arguments, and applicable law, the motion will be granted.

**I.     Factual and Procedural History**

According to the complaint, Jon C. McCoy is being investigated by the Mississippi Department of Revenue (the Department) for state tax deficiencies. Docket No. 1, at 2. In September 2013, during an audit held at the office of McCoy's attorney, an agent of the Department allegedly became "belligerent" and "unruly"; stated that federal law did not apply to him; and refused to honor Mississippi Rule of Professional Conduct 4.2, which prohibits attorneys from speaking with parties represented by other attorneys about the subject of the representation. *Id.* at 3-4, 7. Before being asked to leave the attorney's office, the agent demanded additional financial data from McCoy. *Id.* at 4.

This suit was filed nine days later. In it, McCoy contends that the Mississippi statutes which permitted that audit to be conducted violate the United States Constitution. *Id.* at 5-9. His primary concerns are the "immediate" criminal penalties the state statutes make available against persons who fail to provide the Department with requested documents, records, or testimony. *Id.*

at 6-8. Because "every [Department] examination carries with it the probability of criminal penalties for offences as minor as refusing to answer a question, . . . any examination by [the Department] should carry with it the protections afforded individuals subject to a custodial interrogation under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution," he reasons. *Id*. at 5-6.

McCoy seeks a declaration that Department examinations and audits conducted pursuant to Mississippi Code §§ 27-7-1 *et seq.* and §§ 27-65-1 *et seq.* are custodial interrogations. *Id.* at 9. He also requests a declaration that Department demands for documents or records are prohibited unless the taxpayer consents. *Id.* McCoy further demands a declaration that Mississippi Code §§ 27-7-87 and 27-65-85 are unconstitutionally overbroad and violate the Fourth, Fifth, Sixth, and Fourteenth Amendments. *Id.* Finally, he seeks a declaration that the Sixth Amendment prohibits Department employees from contacting taxpayers after a taxpayer has retained counsel. *Id.* at 9-10.[1]

## II.    Present Arguments

The State has moved to dismiss for lack of subject matter jurisdiction. Docket No. 4. It argues that the Tax Injunction Act prohibits federal courts from hearing cases which would interfere with state tax collection systems. *Id.* Alternatively, it asks that the Court abstain from hearing the case under *Younger v. Harris*. *Id.*

McCoy responds that the doctrine of anomalous jurisdiction gives this Court the inherent power to police the actions of officers of the Court, including defendant Ed Morgan. Docket No. 7, at 3. Regarding the Tax Injunction Act, he denies that his suit is an attempt "to prevent the assessment or collection of any taxes." *Id.* at 4. Rather, it is "simply seeking to require" the

---

[1] An exhibit to McCoy's complaint shows that he has notified the Attorney General of Mississippi of his constitutional challenge to §§ 27-7-87 and 27-65-85. Docket No. 1-1.

Department to "obtain the information in accordance with the law and without violating the Plaintiffs' Constitutional Rights in the process." *Id.* at 5. McCoy adds that jurisdiction is vested by the exception in *Ex Parte Young*. *Id.* at 5-6. He then contends that *Younger* abstention is inapplicable because the nature of his audit is regulatory, not judicial. *Id.* at 6-7.

### III.     Legal Standard

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Such a motion "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citation omitted). The party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citation omitted).

### IV.     Discussion

The Tax Injunction Act states that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

"According to the Supreme Court, this statutory text should be interpreted to advance its purpose of confining federal-court intervention in state government. . . . In short, the Tax Injunction Act is a broad jurisdictional impediment to federal court interference with the administration of state tax systems." *ANR Pipeline Co. v. Louisiana Tax Comm'n*, 646 F.3d 940, 946 (5th Cir. 2011) (citations, quotation marks, and brackets omitted). "[T]he plain language of the Tax Injunction Act's jurisdictional limitation is not focused on taxes only, but rather the broader activities of assessing, levying, and collecting taxes." *Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP*, 338 F.3d 442, 444 (5th Cir. 2003). "The Act also

prohibits declaratory relief when such relief would thwart state tax collection." *ANR Pipeline*, 646 F.3d at 947.

McCoy's response brief recognizes that there are state remedies available to persons who challenge the results of Department audits. Docket No. 7, at 6-7. As a result, the only remaining question concerning the applicability of the Tax Injunction Act is whether McCoy's suit would interfere with the Department's "activities of assessing, levying, and collecting taxes." *Washington*, 338 F.3d at 444.

There is little doubt that a declaration from this Court invalidating the Mississippi statutes which set forth the penalties for income and sales taxes payment violations, Miss. Code Ann. §§ 27-7-87 and 27-65-85, as unconstitutionally overbroad and contrary to four Amendments to the United States Constitution, would interfere with the administration of Mississippi's state tax system. *See ANR Pipeline*, 646 F.3d at 946. The same would be true if this Court declared that all Department examinations and audits conducted pursuant to two entire chapters of Mississippi law, Mississippi Code §§ 27-7-1 *et seq.* and §§ 27-65-1 *et seq.*, constituted custodial interrogations.

The Tax Injunction Act simply prohibits this Court from entertaining the declaratory judgments McCoy seeks. The doctrine of anomalous jurisdiction and the *Ex Parte Young* exception are not to the contrary. *See, e.g.*, *In re Grand Jury Proceedings*, 115 F.3d 1240, 1246 (5th Cir. 1997) (setting forth factors for the exercise of anomalous jurisdiction); *Johnson v. Georgia Dep't of Revenue*, 20 F. Supp. 2d 1351, 1354 (N.D. Ga. 1997), *aff'd*, 161 F.3d 22 (11th Cir. 1998) (dismissing case under the Tax Injunction Act, notwithstanding the plaintiff's qualification for the *Ex Parte Young* exception).

Because the Tax Injunction Act prohibits this suit in this forum, the Department's *Younger* abstention argument need not be considered.

## V.      Conclusion

For these reasons, the motion to dismiss is granted. A Final Judgment will issue this day.

**SO ORDERED**, this the 11th day of September, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE